Action to recover unpaid overtime compensation, an additional equal amount as liquidated damages, and an attorney’s fee, pursuant to subdivision (b) of section 16 of the Pair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 216, subd. [b]). Upon the appeal to this court the judgment in favor of plaintiffs was reversed and the complaint dismissed (267 App. Div. 284) on the ground that defendant was not engaged in interstate commerce within the meaning of the act. The Court of Appeals affirmed without opinion (293 N. Y. 781, motion for reargument denied 294 N. Y. 701). On writ of certiorari, the United States Supreme Court reversed the judgment and held that defendant was engaged in the production of goods for commerce, and remanded the cause to determine whether the act is applicable to these plaintiffs because of the character of their work (327 U. S. 178). On reargument, the Court of Appeals reversed the judgment and remitted the case to this court for further proceedings not inconsistent with the opinion of the United States Supreme Court. (296 N. Y. 527.) This court thereupon handed down a decision holding that the act is applicable to plaintiffs, and-directed a reargument, to be limited, however, to the issue of plaintiffs’ damage, if any, and the extent thereof, and to the weight of evidence in relation thereto. (271 App. Div. 834.) On reargument, judgment entered in favor of plaintiffs after trial by the court without a jury, modified on the law and the facts by striking out all the money awards, except the award of $1,000 counsel fees and $126.70 costs and disbursements, and substituting in place of the amounts struck out, certain amounts to be determined in accordance with this memorandum. As thus modified, the judgment is unanimously affirmed, without costs. Findings inconsistent herewith are reversed, and findings consistent herewith are affirmed. Additional findings are made herein to establish: (1) That the proof sustains a finding that the plaintiffs did in fact work more than forty-four, forty-two and forty hours per week in the respective years 1938, 1939, and thereafter. (2) That plaintiffs are not executive, administrative, or professional employees within the meaning of the act, except that plaintiff O’Donovan is found to have been employed in an executive capacity during the periods when the editor, Hogan, was absent because of illness; and no overtime compensation is due to plaintiff O’Donovan for such periods. (3) That plaintiffs’ regular work week was variable in number of hours, and consisted of the number of hours actually worked per week, not forty hours. Their overtime compensation should be computed on the basis of a .regular-hourly rate determined by dividing the weekly salary by the number of hours worked in any particular week. (Overnight Motor Tratnsp. Co. v. Missel, 316: U. S. 572.) (4) That interest should not be awarded in the judgment, as is. conceded by respondents. (5) That there is no suitable segregation or tabulation of data in the record from which there can be conveniently determined the exact number of hours overtime per week each plaintiff worked during the whole periods claimed, the rate of overtime/applicable to such hours, or the *1027 product in dollars and cents of such hours and rates. (Such tabulations on behalf of each plaintiff, for all weeks during the periods claimed, should be furnished in the form of proposed findings. Such tabulations need not describe the nature of the work, which already appears in the record, but should make proper and separate weekly allowances for vacations, holidays, and absences due to illnesses, using the formulae in the Wage and Hour Manual, 1944-45, p. 188, reprinted as an appendix in respondents’ brief herein. If counsel stipulate as to the amounts, it will be accepted in lieu of such proposed findings.) Submit proposed findings on fifteen days’ notice. Such proposed findings need not constitute findings generally on all the factual issues in the case, but will be restricted to the mathematical data described in this paragraph. Present — Hagarty, Carswell, Johnston and Adel, JJ.; Lewis, P. J.,.not voting.